Cedar A. BACKUS, Sharron Balaban, Carol Chenevert, Kimberly Davis, Mary Beth Freeman, Kay Gault, Matt Guyette, Amy Wright Kiernan, Mi-

chael Krasnow, Alison Lockwood, Caroline Martson, Patrice MacHavern, Heather Manning, Claudia Mucklow, Thomas Oliver, Nancy P. Sabin, Leon A. Theoret and Susan Vigsnes, Appellants,

Independent Wireless One Corp. and Independent Wireless One Leased Realty Corporation, Plaintiffs–Appellees,

v.

TOWN OF CHARLOTTE, Town of Charlotte Zoning Board of Adjustment, Town of Charlotte Planning Commission and Town of Charlotte Zoning Administrator, Defendants–Appellees.

No. 03–7145.

United States Court of Appeals, Second Circuit.

Sept. 16, 2003.

Garald R. Tarrant, Tarrant, Marks & Gillies, Montepelier, VT, for Appellants.

Andrew D. Manitsky, Gravel and Shea (Heather Rider Hammond, on the brief), Burlington, VT, for Plaintiffs–Appellees.

Present: McLAUGHLIN, JACOBS, and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED.

Appellants, who are residents ("Residents") of the Town of Charlotte, Vermont, appeal from an Opinion and Order entered in the United States District Court for the District of Vermont (Neidermeier, *M.J.*), denying a motion to intervene in a suit brought by Independent Wireless One Corporation and Independent Wireless One Leased Corporation (collectively, "IWO") against the Town of Charlotte and its planning commission and zoning board and administrator (collectively, the "Town"), pursuant to the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. §§ 151–614. IWO had applied to the Town for a permit to install several telecommunications antennas. After proceedings in which the Residents participated, the Town denied the permit, but declined to adopt the Residents' interpretation of local law or position regarding the proper basis for the denial. IWO then challenged the Town's decision in the district court and the Residents moved to intervene, arguing that the Town erred in rejecting their interpretation of local law. The district court denied the motion to intervene on grounds of (*inter alia*) standing. After the Residents filed a notice of appeal, IWO and the Town settled their dispute.

Because the parties have settled their dispute, the Residents must show that they have Article III standing before we can consider this appeal. *See Diamond v. Charles*, 476 U.S. 54, 68, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) ("[A]n intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III."); *id.* at 64 ("[The] ability to ride 'piggyback' on [another party's] undoubted standing exists only if the [other party] is in fact an appellant before the Court; in the absence of the [other party] in that capacity, there is no case for [an intervenor] to join.").

To establish standing, the Residents "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal citations, quotations, and footnote omitted). The Residents have failed to allege any injury that relates to enforcement of the TCA, and while they assert an interest in having local setback provisions enforced as written, this interest is insufficient to support a claim of standing. *See Allen v. Wright*, 468 U.S. 737, 754, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) ("This Court has re-

peatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."). We therefore lack jurisdiction to consider their appeal.

For the reasons set forth above, the appeal is hereby **DISMISSED.**